AMY, J.,
dissenting.
hi respectfully dissent from the majority opinion, as I find that an affirmation is warranted.
This case presents the issue of whether the Medical Malpractice Act’s limitation on recovery pursuant to La.R.S. 40:1299.42(B) is constitutional. Chiefly, the plaintiffs question whether that cap violates the equal protection requirements of La. Const, art. 1, § 3 and the requirement of La. Const, art. 1, § 22 that all persons shall have an adequate remedy by due process of law.
Given the factors before this court, I find no violation of these constitutional requirements. Instead, I conclude that this matter is controlled by Butler v. Flint Goodrich Hosp. of Dillard Univer., 607 So.2d 517, 518 (La.1992), cert. denied, 508 U.S. 909, 113 S.Ct. 2338, 124 L.Ed.2d 249 (1993), wherein the supreme court addressed “the constitutionality of Louisiana’s $500,000 cap on general damages in a medical malpractice victim’s suit against multiple defendants.” The supreme court observed that the statutory cap on medical malpractice judgments in excess of $500,000 distinguishes between injured parties who are fully compensated insofar as their damages are less than $500,000 and those who have damages exceeding $500,000. Id. While the former group receives full compensation for their injuries, the latter group is fully compensated only for their medical expenses and related benefits. Recognizing the disparate treatment afforded the latter group, the ^supreme court concluded that those with the most serious injuries received three benefits from the cap:
(1) greater likelihood that the offending physicians or other health care provider has malpractice insurance; (2) greater assurance of collection from a solvent fund; and (3) payment of all medical care and related benefits.
Id. at 521. It noted that compensation and full medical care are legitimate social interests furthered by malpractice legislation. Thus, the supreme court concluded that the $500,000 cap was not constitutionally infirm and, instead, the malpractice act was found to be “a reasonable but imperfect balance between the rights of victims and those of health care providers.” Id.
The fact that the malpractice cap does not allow full compensation for certain malpractice claimants remains unchanged since Butler. To the extent the plaintiffs assert that any under-compensation necessitated by the application of the cap has only increased since Butler, I point out that Butler did not focus on the valuation of the cap’s limitation. The supreme court instead addressed the constitutional permissibility of a limitation.
Both at the time of Butler and in the present day, some malpractice claimants with serious injuries recovering under the Medical Malpractice Act have received or will receive a larger percentage of compen *1194 sation than others. For instance, a victim sustaining damages only slightly above $500,000 would receive proportionally far greater compensation than the victim who sustained damages greatly in excess of that limit. Even in light of this inevitable result of the monetary limit, the supreme court found the cap constitutional in Butler. In my opinion, the supreme court’s determination as to constitutionality remains fully applicable. I believe that the extent of under-compensation, whether due to inflation or otherwise, remains a policy question outside the reach of this | ^intermediate court of appeal in light of what I believe to be controlling jurisprudence from a superior court.
Accordingly, I believe that an affirmation of the trial court’s judgment is warranted.